

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 17173382**
**Date Processed: 09/22/2017**

| | |
|---|---|
| **Primary Contact:** | Shannan R. Powell<br>Portfolio Recovery Associates, Inc.<br>140 Corporate Boulevard<br>Norfolk, VA 23502 |

| | |
|---|---|
| **Entity:** | Portfolio Recovery Associates, LLC<br>Entity ID Number  1653471 |
| **Entity Served:** | Portfolio Recover Associates, LLC |
| **Title of Action:** | Brett Fowers vs. Portfolio Recovery Associates, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Salt Lake County District Court, Utah |
| **Case/Reference No:** | 170905923 |
| **Jurisdiction Served:** | Utah |
| **Date Served on CSC:** | 09/21/2017 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Daniel Baczynski<br>801-255-5555 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Server _C Carl_

Date 9-21-17   Time 2:45pm

P/S _____

ANDERSON INVESTIGATIONS, INC.   #G101390
P.O. BOX 535, SLC, UT 84110   877-619-1110

Tyler B. Ayres, Bar No. 9200
Daniel M. Baczynski, Bar No. 15530
AYRES LAW FIRM
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555 Phone
tyler@ayreslawfirm.com
Daniel.ayreslaw@gmail.com

---

### THIRD DISTRICT SALT LAKE DEPARTMENT
### SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| Brett Fowers,<br><br>On behalf of plaintiff and class,<br>vs.<br><br>Portfolio Recovery Associates, LLC,<br><br>Defendant | **SUMMONS**<br><br>Case No: 170905923<br><br>Judge: Laura Scott |

The State of Utah to:   Corporation Service Company
                        15 West South Temple
                        Suite 1701
                        Salt Lake City, UT 84101

You are summoned and required to answer the attached Complaint. Within 21 days after service of this summons, you must file your written answer with the clerk of the court at the court address shown above. Within that same time, you must mail or deliver a copy of your answer to the party or the party's attorney at the address shown above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint, which has been filed with the clerk of the court.

Dated this 20th day of September, 2017.

AYRES LAW FIRM

/s/ Daniel Baczynski

Tyler B. Ayres, Bar No. 9200
Daniel Baczynski, Bar No. 15530
AYRES LAW FIRM
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Tyler@AyresLawFirm.com
Daniel.ayreslaw@gmail.com

---

## THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| Brett Fowers,<br><br>On behalf of plaintiff and class,<br><br>vs.<br><br>Portfolio Recovery Associates, LLC,<br><br>Defendant. | **COMPLAINT**<br><br>Case No:  170905923<br><br>Judge:  Laura Scott |

Brett Fowers (Fowers or Plaintiff), by and through his attorney, for his Complaint against Defendant and demand for a jury trial, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over all civil matters committed in the State of Utah, including matters under the Fair Debt Collection Practices Act ("FDCPA"), pursuant to Utah Code Ann § 78A-5-102(1).

2. Venue is proper before this Court because Defendant's collection efforts were received by plaintiff within this County and Defendant transacts business within this County.

3. Defendant is subject to personal jurisdiction because the Defendant has regularly transacted business in the State.

1

## PARTIES

4. Plaintiff Fowers is an individual who resides in Salt Lake County, State of Utah.

5. Defendant Portfolio Recovery Associates, LLC, (Portfolio Associates) is a limited liability company with its registered agent located at Bank of America Center, 16th Floor, 1111 E. Main Street, Richmond, Virginia. Portfolio Associates regularly transacts business within the State of Utah.

6. Defendant Portfolio Associates' business is to acquire debts in default and then pursue collection of the debts, directly or indirectly, through instrumentalities of interstate commerce or the mails. Any debt of Plaintiff that Portfolio Associates alleges it acquired was in default when Portfolio Associates acquired it. Portfolio Associates is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a (6). The alleged debt that it sought to collect from Plaintiff was in default when Portfolio Associates began its collection efforts.

## GENERAL ALLEGATIONS

7. Prior to 2011, Fowers applied for and acquired an American Express account.

8. Fowers made purchases on the American Express account, resulting in an outstanding balance.

9. The last date of any purchases or payments on the account was prior to 2011.

10. At some point after the alleged debt was in default, American Express Bank F.S.B. allegedly transferred Fowers' account to Portfolio Associates.

11. Portfolio Associates is engaged in the business of purchasing or acquiring, or claiming to purchase or acquire, defaulted debts originally owed to others and incurred for personal, family, or household purposes.

2

12. Portfolio Associates began collection efforts against Fowers for an alleged outstanding balance on the American Express account.

13. On April 18th, 2017, Portfolio Associates sent Fowers a collection letter (Exhibit A) regarding the alleged outstanding balance on Fowers' American Express account.

14. Through Exhibit A, Defendant sought to collect an alleged debt incurred primarily for a personal, family, or household purpose.

15. Exhibit A was the first letter plaintiff received from Portfolio Associates concerning the alleged debt referred to therein.

16. The debt Defendants sought to collect in Exhibit A is time-barred.

17. On information and belief, Exhibit A is a form letter that defendant Portfolio Associates uses as the initial letter it sends to consumers.

18. The statute of limitations on an obligation in Utah is six years. Under Utah law collectors such as Portfolio Associates may only take assignments of debts for collections if the debt is not time barred. See UT ST § 12-1-8 ("Any collector having complied with the provisions of this chapter, may receive accounts, bills or other indebtedness, take assignments for the purpose of collections, and at the direction of the assignor bring suit as assignee, provided however, that all accounts shall be within the statute of limitations as provided by law."). The Defendants took an assignment of Plaintiff's alleged debt when it was time barred.

19. Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations.

20. Nothing in Exhibit A disclosed the date of the transactions giving rise to the claimed debt.

21. Nothing in Exhibit A disclosed that any payment on the debt would result in the renewal of the debt's statute of limitations.

22. Nothing in Exhibit A discloses that Fowers has no legal or moral obligation to make a payment on the time-barred obligation.

23. Exhibit A falsely claims that payments made pursuant to one of three payment plans will save Fowers money.

24. On information and belief, it is the policy and practice of American Express Bank to sell or assign accounts of Utah residents that are time barred. Defendant is well aware of American Express Bank's practice and take advantage of it because they can purchase time barred debts at a greater discount. Portfolio Associates acquires the alleged debts at pennies on the dollar.

25. Upon information and belief it is the policy of the Defendant Portfolio Associates to take assignments of time barred debts of Utah residents and then send letters seeking to collect the time-barred debts that do not disclose the fact that the debts are time-barred.

26. It is the policy and practice of Defendant Portfolio Associates to send letters seeking to collect time-barred debts of Utah residents that do not disclose the dates of the transactions giving rise to the debts. The Defendant did not provide dates of transactions to mislead or confuse consumers whether the debts are time barred.

27. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations… When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/assets.shtm). The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of

limitations. *United States of America (for the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

## FIRST CLAIM FOR RELIEF
### *Violation of the FDCPA*

28. Plaintiff incorporates by reference all preceding paragraphs.

29. Defendant engaged in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

30. Defendant engaged in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f by taking assignments of time barred debt for collection in violation of Utah law.

31. Section 1692e provides:

**§1692 e.      False or Misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...**

**(2) The false representation of—**

**(A) The character, amount, or legal status of any debt;...**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken...**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...**

32.   Section 1692f provides:

**§ 1692f.      Unfair practices [Section 808 of P.L.]**

5

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt...**

### SECOND CLAIM FOR RELIEF
*Violation of the Utah Consumer Sales Practice Act*

33. Plaintiff incorporates by reference all preceding paragraphs.

34. The Utah Consumer Salts Practices Act is to be construed liberally to protect consumers from suppliers who commit deceptive and unconscionable sales practices and to protect suppliers who in good faith comply with the provisions of this act. UTA § 13-11-2 (2) and (6).

35. Defendant Portfolio Associates' dunning actions to collect debts not legally owed is a deceptive practice designed to take advantage of consumers who may not know that the debt claimed by Portfolio Associates is not legally enforceable or due. Defendant did not disclose these material facts when they send out dunning letters to consumers such as the Plaintiff and other class members.

36. Defendant also receives an unfair advantage over other suppliers who follow the law and either go to the cost and expense of screening debts outside the statute of limitations or do not dun consumers if the debt is no longer enforceable.

37. Defendant engaged in these activities knowingly and intentionally to harm consumers and gain an advantage over its competitors.

38. Fowers seeks a declaration on his individual behalf and on behalf of the Plaintiff class that Defendant may not engage in debt collections for debts allegedly owed after the statute of limitations on those debts has run.

39. Fowers seeks a declaration on his individual behalf and on behalf of the Plaintiff class that Defendant may not retain amounts they collected through dunning efforts on debts allegedly owed after the statute of limitations on those debts has run.

40. Fowers is further entitled to statutory damages of $2,000 or his actual damages (whichever is greater) under the Utah Consumer Sales Practice Act.

41. Fowers has suffered emotional distress as a result of the dunning committed by Defendant.

42. Defendant's dunning has caused Fowers anxiety and distress that has resulted in physical manifestations.

## CLASS ALLEGATIONS

43. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

44. The class consists of (a) all individuals in Utah (b) to whom Portfolio Associates (c) sent a letter seeking to collect a debt (d) which debt was an obligation on which the last payment had been made more than four years prior to the letter (e) which letter was sent within the two (2) years immediately preceding the filing of this complaint.

45. On information and belief, the class is so numerous that joinder of all members in not practicable. The information relating to the precise number of persons who fall within the class is within the control of the Defendant.

46. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendant attempted to collect time-barred debts without disclosure of that fact; (b) whether such practice violates the FDCPA; and (c) whether such practices violate the Utah Consumer Sales Practices Act.

47. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

48. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

49. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.   Individual actions are not economically feasible;

    b.   Members of the class are likely to be unaware of their rights;

    c.   Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    (1) Statutory damages;

    (2) Actual damages, including all amounts paid on time-barred debts;

    (3) Attorney's fees, litigation expenses, and cost of suit;

    (4) Appropriate declaratory and injunctive relief against Defendants to stop Defendants from harming consumers and providing them with an unfair advantage over its competitors by engaging in collection efforts for debt not legally owed to it; including a preliminary and permanent injunction; and

    (5) Such other and further relief as the Court deems proper.

DATED: September 18th, 2017.

/s/Daniel Baczynski
Attorney for Plaintiff