# Exhibit A

David L. Hartsell (*admitted pro hac*)
Sarah A. Zielinski (*admitted pro hac*)
**McGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone: 312-849-8100
dhartsell@mcguirewoods.com
szielinski@mcguirewoods.com

Cameron M. Hancock (Utah Bar No. 5389)
Rod N. Andreason (Utah Bar No. 8853)
**KIRTON McCONKIE**
Kirton McConkie Building
50 East South Temple, Suite 400
P.O. Box 45120
Salt Lake City, UT 84145-0120
Telephone: (801) 328-3600
chancock@kmclaw.com
randreason@kmclaw.com

*Attorneys for Defendant Portfolio Recovery Associates, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SARAH E. AYRES,<br><br>    Plaintiff,<br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>    Defendant. | Case No. 2:17-cv-01088-DN<br><br>**DEFENDANT'S MOTION TO TRANSFER RELATED CASE PURSUANT TO LOCAL RULE 83-2(g)**<br><br>Judge David Nuffer |

NOW COMES Defendant Portfolio Recovery Associates, LLC ("PRA") and hereby moves

this Court pursuant to District of Utah Local Civil Rule ("Local Rule") 83-2(g) to accept transfer

of *Fowers v. Portfolio Recovery Associates, LLC*, Case No. 2:17-cv-01126-RJS, pending before Judge Robert J. Shelby, as a related case.

1. On August 31, 2017, Plaintiff Sarah E. Ayres ("Ayres") filed a class-action complaint against PRA in the Third Judicial District Court for Salt Lake County, State of Utah, alleging that PRA violated the Fair Debt Collection Practices Act ("FDCPA") and the Utah Consumer Sales Practice Act ("UCSPA") by accepting an assignment of, and attempting to collect on, a time-barred debt. (Ayres Compl., ¶¶ 34–35, 39–42.)

2. Specifically, Ayres alleged that PRA did not have a right to collect on the debt because the purported assignment of the debt to PRA was invalid under Utah law. (*Id.* at ¶¶ 23–25.) Ayres further alleged that the collection letter she received from PRA failed to disclose that any voluntary payment of the debt may revive or toll the statute of limitations. (*Id.* at ¶ 30.)

3. On September 28, 2017, PRA removed the *Ayres* case to this Court. (*See* Ayres Dkt. No. 2.)

4. On September 21, 2017, another class-action lawsuit, *Fowers v. Portfolio Recovery Associates, LLC*, Case No. 170905923 ("*Fowers*"), was filed in the Third Judicial District Court for Salt Lake County, State of Utah, also alleging claims under the FDCPA and UCSPA. (Fowers Compl. ¶¶ 29–30, 34–37.)

5. Just as in *Ayres*, Fowers alleged that PRA did not have a right to collect on the debt because the purported assignment of the debt to PRA was invalid under Utah law. (*Id.* at ¶ 18.) Fowers also alleged that the collection letter he received from PRA failed to include certain disclosures, including that a payment on the debt could renew the debt's statute of limitations. (*Id.* at ¶ 21.)

6. On October 12, 2017, PRA removed *Fowers* to federal court in the District of Utah (*see* Fowers Dkt. No. 2) and the case was assigned to Judge Robert J. Shelby. PRA now seeks to transfer *Fowers* to this Court because it is closely related to *Ayres*.

7. Local Rule 83-2(g) provides that whenever two or more related cases are pending before different judges, any party to the later-filed case may file a motion and proposed order to transfer the case to the judge with the lower-numbered case. DUCivR 83-2(g).

8. In determining whether to accept the transfer of a related case, the Local Rule indicates that courts may consider the following factors:

   1) Whether the cases arise from the same or a closely related transaction or event;

   2) Whether the cases involve substantially the same parties or property;

   3) Whether the cases involve the same patent, trademark, or copyright;

   4) Whether the cases call for a determination of the same or substantially related questions of law and fact;

   5) Whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges;

   6) Whether there is a risk of inconsistent verdicts or outcomes; and

   7) Whether the motion has been brought for an improper purpose.

9. Each of the factors applicable to this action weigh in favor of reassignment.

10. First, both *Ayres* and *Fowers* arise from the same event: PRA sending a letter to collect on a time-barred debt.

11. Second, the cases involve substantially the same parties: an identical Defendant, Portfolio Recovery Associates, LLC, and overlapping putative classes. (*See* Ayres Compl. ¶ 49; Fowers Compl. ¶ 44.)

12.     Third, the cases call for determination of the same or substantially related questions of law and fact. As noted above, both cases allege that PRA violated the FDCPA and USCPA by accepting an assignment of, and attempting to collect on, a time-barred debt without disclosing that any voluntary payment of the debt may revive or toll the statute of limitations. (Ayres Compl. ¶¶ 17–28; Fowers Compl. ¶¶ 13–21.) Accordingly, both cases will involve similar facts (*e.g.*, PRA's letter used to collect time-barred debts) and similar legal issues (*e.g.*, whether PRA was assigned the debt, whether PRA was permitted to collect on the debt, and whether the disclosures in PRA's letter complied with the FDCPA).

13.     Fourth, transfer is appropriate to avoid duplication of labor and unnecessary court costs if heard by different judges. Given that these cases involve similar facts and similar questions of law, judicial resources will be best preserved by allowing the cases to proceed before a single judge. Additionally, the parties may gain efficiencies by coordinating discovery.

14.     Fifth, the determination of these substantially similar questions of law and fact may result in inconsistent outcomes if heard by different judges. Indeed, the issue of what disclosures are required under the FDCPA when collecting on a time-barred debt is the subject of a pending petition for writ of certiorari to the U.S. Supreme Court because there is a split in the circuits on this issue. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017), *petition for cert. filed*, 2017 WL 3726704 (U.S. Aug. 17, 2017) (No. 17-255).

15.     Finally, the Motion is not being brought for an improper purpose. Rather, PRA brings this motion at the outset of the litigation in order to promote judicial efficiency, eliminate unnecessary costs, and eliminate the risk of inconsistent rulings.

WHEREFORE, Defendant Portfolio Recovery Associates, LLC, respectfully requests that this Court grant its motion to transfer *Fowers v. Portfolio Recovery Associates, LLC*, Case No. 17-cv-01126, to this Court, and grant any further relief this Court deems appropriate.

DATED this 25th day of October, 2017.

                                              PORTFOLIO RECOVERY ASSOCIATES, LLC,
                                              Defendant

                                              By: *s/ David L. Hartsell*
                                                    One of Its Attorneys

Case 2:17-cv-01268-JNP Document 13-1 Filed 10/25/17 Page 5 of 6

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of October, 2017, a true and correct copy of the foregoing **MOTION TO TRANSFER RELATED CASE PURSUANT TO LOCAL RULE 83-2(g)** was served by the method(s) indicated below upon the following:

| | |
|---|---|
| Troy K. Walker | ( ) U.S. Mail, Postage Prepaid |
| TROY K. WALKER, P.C. | ( ) Hand Delivered |
| 12339 S. 800 E., Ste. 101 | ( ) Overnight Mail |
| Draper, UT 84020 | ( ) Facsimile |
| tkwalker@hotmail.com | (X) E-mail/E-filing |

                                                     *s/ David L. Hartsell*

95101482_4

David L. Hartsell (*admitted pro hac*)
Sarah A. Zielinski (*admitted pro hac*)
**McGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone:  312-849-8100
dhartsell@mcguirewoods.com
szielinski@mcguirewoods.com

Cameron M. Hancock (Utah Bar No. 5389)
Rod N. Andreason (Utah Bar No. 8853)
**KIRTON McCONKIE**
Kirton McConkie Building
50 East South Temple, Suite 400
P.O. Box 45120
Salt Lake City, UT 84145-0120
Telephone: (801) 328-3600
chancock@kmclaw.com
randreason@kmclaw.com

*Attorneys for Defendant Portfolio Recovery Associates, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SARAH E. AYRES,<br>    Plaintiff,<br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br>    Defendant. | Case No. 2:17-cv-01088-DN<br><br>**ORDER GRANTING MOTION FOR TRANSFER OF RELATED CASE PURSUANT TO LOCAL RULE 83-2(g)**<br><br>Judge David Nuffer |

The Motion to Transfer Related Case Pursuant to Local Rule 83-2(g) (the "Motion") filed

by Defendant Portfolio Recovery Associates, LLC, having come before the Court, and the Court

having considered the Motion, and for good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED.**

2. *Fowers v. Portfolio Recovery Associates, LLC*, Case No. 17-cv-01126, which is currently pending before Judge Robert Shelby, shall be transferred to this Court.

SIGNED this _____ day of _____, 2017.

                                           BY THE COURT

                                           _____
                                           District Judge David Nuffer

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of October, 2017, a true and correct copy of the foregoing **ORDER GRANTING MOTION TO TRANSFER RELATED CASE PURSUANT TO LOCAL RULE 83-2(g)** was served by the method(s) indicated below upon the following:

| | |
|---|---|
| Troy K. Walker | ( ) U.S. Mail, Postage Prepaid |
| TROY K. WALKER, P.C. | ( ) Hand Delivered |
| 12339 S. 800 E., Ste. 101 | ( ) Overnight Mail |
| Draper, UT 84020 | ( ) Facsimile |
| tkwalker@hotmail.com | (X) E-mail/E-filing |

*s/ David L. Hartsell*

95192264_1